**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LORETTA JEZNACH,

Plaintiff,

v. Case No. 8:26-cv-2158-WFJ-CPT

SHERIFF GRADY JUDD, *et al.*,

Defendants.
_______________________________________/

**ORDER**

This matter is before the Court on *pro se* Plaintiff Loretta Jeznach's civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that, while detained at the Polk County Jail on May 26, 2025, two unidentified female deputies strip searched her, dragged her through the booking lobby while she was naked and urinating on herself, slammed her against a brick wall and concrete floor, and then left her in a cold cell for "hours." (*Id.* at 5-6). Based on these allegations, Plaintiff asserts a variety of constitutional claims against Sheriff Grady Judd and two Jane Doe detention deputies. (*Id.* at 2-3). Because Plaintiff proceeds *in forma pauperis*, the Court is required to conduct a preliminary screening of her complaint under 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, Plaintiff sues Sheriff Judd in both his official and individual capacities, but the complaint fails to allege facts sufficient to support liability under either theory. An official-capacity claim is a claim against the entity of which the named defendant is an agent—in this case, Polk County. *See Owens v. Fulton Cty.*, 877 F.2d 947,

951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005). "A policy is a decision that is officially adopted by the [government entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* Plaintiff fails to allege facts showing that the May 2025 incident resulted from a policy or custom of Polk County. Accordingly, she fails to state an official-capacity claim against Sheriff Judd.

Plaintiff also fails to state an individual-capacity claim against Sheriff Judd. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* Plaintiff does not allege that Sheriff Judd personally participated in any alleged unconstitutional conduct. Nor does she plead facts establishing a causal connection between Sheriff Judd's actions and the incident at the Polk County Jail. Thus, Plaintiff fails to state an individual-capacity claim against Sheriff Judd.

Plaintiff's allegations may be sufficient to state constitutional claims against the two Jane Doe deputies. However, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). A plaintiff may sue real parties under fictitious names only when use of a "Doe" label is, "at the very worst, surplusage" because the plaintiff's description of the defendant is "sufficiently clear to allow service of process." *Dean v. Barber*, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992). The Eleventh Circuit "has never permitted John Doe pleading solely on the ground that discovery might reveal an unnamed defendant's identity." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020). Instead, a plaintiff must provide "an unambiguous description of a defendant that enables service of process." *Id.*

Plaintiff's descriptions of the Jane Doe deputies are insufficient to meet her burden. Plaintiff provides their "gender" and "recount[s] the[ir] behavior" during the incident, but this information is not "specific enough to enable service of process." *Castle v. Cobb Cnty., Georgia*, No. 22-12156, 2023 WL 3772501, at *1 (11th Cir. June 2, 2023) (district court properly dismissed claims against "fictitious defendants" who allegedly "harassed" plaintiff while she "spen[t] the night in the Cobb County Adult Detention Center"); *see also Mosely v. Hamm*, No. 2:24-cv-942-AMM-SGC, 2024 WL 7012148, at *1 (N.D. Ala. Dec. 3, 2024) (dismissing claim against fictitious defendant who allegedly attacked prisoner "on the morning of April 17, 2024," because "[t]he only hint at Officer Doe's identity [was] that he [was] a male correctional officer on the CERT team"); *Winn v. Roundtree*, No. 1:22-cv-127, 2023 WL 2065664, at *3 (S.D. Ga. Jan. 17, 2023) (plaintiff provided "insufficient information" to identify fictitious defendants because he alleged

only that "they were Richmond County Sheriff's deputies on December 30, 2020, who were allegedly involved in the traffic stop and subsequent interactions"), *adopted by* 2023 WL 2060717 (S.D. Ga. Feb. 16, 2023).

Because the information in the complaint is insufficient to enable service on the Jane Doe deputies, they will be dismissed from this action without prejudice. And because no defendant remains, the complaint must be dismissed without prejudice and with leave to amend. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). To proceed against the Jane Doe deputies in an amended complaint, Plaintiff must identify each Doe Defendant by providing as much of the Defendant's name as Plaintiff can ascertain, together with as much identifying information (such as race, approximate age, build, or badge number) as possible.

If Plaintiff chooses to file an amended complaint, the Court encourages her to seek legal assistance and to consult the resources available to *pro se* litigants in advance of doing so. Plaintiff may obtain advice through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit free, limited guidance from attorneys on the procedures governing federal cases. To participate in this program, *pro se* litigants may schedule in-person or virtual appointments by calling the Clerk's Office at (813) 301-5400 or by visiting the Clerk's Office check-in window. Appointments are available on Tuesdays between 1:00 p.m. and 2:30 p.m. Walk-ins are accepted as time allows as well. A brochure with more information

about the program is available on the Court's website, which can be found at www.flmd.uscourts.gov/legal-information-program. In addition to the "Legal Information Program," Plaintiff may review the materials the Middle District of Florida makes available to *pro se* litigants, which includes a "Guide for Proceeding Without a Lawyer." The Court's website also contains helpful links to the Federal Rules of Civil Procedure, along with various forms for parties in federal lawsuits to use.

Accordingly, it is **ORDERED** that:

1. Plaintiff's complaint, (Doc. 1), is **DISMISSED without prejudice**.
   a. If Plaintiff wishes to amend, she shall file an amended complaint within **THIRTY DAYS** of the date of this order.
   b. To amend, Plaintiff should complete a new civil-rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Plaintiff's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).
2. If Plaintiff fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending her complaint or] seeking an extension. And when the order becomes a final judgment, the

district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Plaintiff must advise the Court of any change of address. She must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change will result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Plaintiff the standard form for *pro se* civil-rights complaints.

**DONE** and **ORDERED** in Tampa, Florida, on August 14, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**